

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LARRY R. LASS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. |
| | § | 3:97-CV-1293-P |
| JANI-KING OF MEMPHIS, INC., | § | |
| a Texas Corporation, | § | |
| | § | |
| Defendant. | § | |

## RICO CASE STATEMENT ORDER

This lawsuit asserts a claim under RICO. As is the practice of this Court, the Plaintiff must file a RICO case statement, which shall be due no later than September 19, 1997. The statement must include the facts upon which the Plaintiff is relying in initiating this RICO complaint as a result of the "reasonable inquiry" required by Fed. R. Civ. P. 11. In particular, the statement shall be in a form that uses the numbers and letters as set forth below, and shall set forth in detail and with specificity the information requested in the following.

1. State whether the alleged unlawful conduct is in violation 18 U.S.C. §§ 1962(a),(b),(c), and/or (d).

2. List each defendant and state the alleged misconduct and basis of liability of each defendant.

3. List other alleged wrongdoers and state the alleged misconduct of each.

4. List the alleged victims and state how each victim was allegedly injured.

5. Describe the pattern of racketeering activity alleged for each RICO claim. The description of the pattern of racketeering must include the following information:

    a. List the alleged predicate acts and the specific statutes which were allegedly violated.

    b. Provide the dates of the predicate acts, the participants in the predicate acts, and a description of the facts surrounding the predicate acts.



    c.    If the RICO claim is based on the predicate offenses of wire fraud, mail fraud, or fraud in the sale of securities, the "circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Identify the time, place and contents of the alleged misrepresentations, and the identity of persons to whom and by whom the alleged misrepresentations were made.

    d.    State whether there has been a criminal conviction for violation of the predicate acts.

    e.    State whether civil litigation has resulted in a judgment in regard to the predicate acts.

    f.    Describe how the predicate acts form a "pattern of racketeering activity."

    g.    State whether the alleged predicate acts relate to each other as part of a common plan. If so, describe in detail.

6.    Describe in detail the alleged enterprise for each RICO claim. A description of the enterprise shall include the following information:

    a.    State the names of the individuals, partnerships, corporations, associations, or other legal entities, which allegedly constitute the enterprise.

    b.    Describe the structure, purpose, function, and course of conduct of the enterprise.

    c.    State whether any defendants are employees, officers, or directors of the alleged enterprise.

    d.    State whether any defendants are associated with the alleged enterprise.

    e.    State whether you are alleging that the defendants are individuals or entities separate from the alleged enterprise, or that the defendants are the enterprise itself, or members of the enterprise.

    f.    If any defendants are alleged to be the enterprise itself, or members of the enterprise, explain whether such defendants are perpetrators, passive instruments, or victims of the alleged racketeering activity.

7.    State and describe in detail whether you are alleging that the pattern of racketeering activity and the enterprise are separate or have merged into one entity.

8.    Describe the alleged relationship between the activities of the enterprise and the pattern of racketeering activity. Discuss how the racketeering activity differs from the usual and daily activities of the enterprise, if at all.

9.    Describe what benefits, if any, the alleged enterprise receives from the alleged pattern of

**ORDER - Page 2**

racketeering.

10. Describe the effect of the activities of the enterprise on interstate or foreign commerce.

11. If the complaint alleges a violation of 18 U.S.C. § 1962(a), provide the following information:

    a. State who received the income derived from the pattern of racketeering activity or through the collection of an unlawful debt.

    b. Describe the use or investment of such income.

12. If the complaint alleges a violation of 18 U.S.C. §1962(b), describe in detail the acquisition or maintenance of any interest in or control of the alleged enterprise.

13. If the complaint alleges a violation of 18 U.S.C. § 1962(c), provide the following information:

    a. State who is employed by or associated with the enterprise.

    b. State whether the same entity is both the liable "person" and the "enterprise" under § 1962(c).

14. If the complaint alleges a violation of 18 U.S.C. § 1962(d), describe in detail the alleged conspiracy.

15. Describe the alleged injury to business or property.

16. Describe the direct causal relationship between the alleged injury and the violation of the RICO statute.

17. List the damages sustained for which each defendant is allegedly liable.

18. Provide any additional information that might by helpful to the Court in processing the RICO claim.

This statement shall be filed with the Court no later than **September 19, 1997.** Copies of the RICO case statement must be served on opposing counsel. Failure to comply with this order will result in dismissal of the RICO claim with prejudice without further notice from the Court.

**So Ordered.**

Signed this 15th day of August, 1997.

*/s/ Jorge A. Solis*
JORGE A. SOLIS
UNITED STATES DISTRICT JUDGE